UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        CRIMINAL NO. 22-cr-20601
        HON. JONATHAN J.C. GREY

ZAMAN ALSHAFEY

        Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT ZAMAN ALSHAFEY'S
MOTION TO SUPPRESS (ECF No. 19)**

Defendant Zaman Alshafey is charged with: (1) 10 counts of Wire Fraud, in violation of 18 USC §1343; (2) two counts of Introduction of Misbranded Drug into Interstate Commerce, in violation of 21 USC §§331(k), 353(b)(1), and 333(a)(2); and (3) eight counts of Engaging in Monetary Transactions Exceeding $10,000 in Criminally Derived Property, in violation of 18 USC §1957.

Alshafey filed a motion to suppress some of the evidence seized when law enforcement executed several search warrants on April 29, 2021 (ECF No. 19), and the government filed a response brief. (ECF No. 24) The Court held a hearing on the motion on June 2, 2023. For the reasons that follow, the motion is granted in part and denied in part.

I.  **Background**

In February 2021, prior to investigating Alshafey, Drug Enforcement Administration ("DEA") agents raided the properties of two persons (the McClinton cousins) in Detroit and seized large amounts of cash, guns, narcotics, and more than 1,400 pint bottles of promethazine, 11 of which contained codeine. (ECF No. 19, PageID.74-75 at ¶¶1-2) The McClintons' phones contained text message communications with a cell phone number associated with Alshafey, and those communications appeared to discuss the sale of promethazine. (ECF No. 19, PageID.75-76 at ¶¶3-10)

On March 11, 2021, law enforcement officers observed shipments of nine large brown boxes delivered to MedPro Pharmacy, located at 15580 Middlebelt, Livonia, and received by Alshafey. (ECF No. 19, PageID.76 at ¶12) Shortly thereafter, those boxes were loaded into a vehicle driven by Somalia Gandy-Dix. *Id.* Most of those boxes were unloaded from Gandy-Dix's vehicle within hours the same day at two other locations. (ECF No. 19, PageID.76-77 at ¶13) Law enforcement officers seized: (a) nine boxes of promethazine HCl bottles when they stopped Gandy-Dix's vehicle, and (b) 10 boxes of promethazine HCl bottles when they executed a search warrant against a vehicle to which Gandy-Dix had delivered some of the boxes she obtained from Alshafey. (ECF No. 19, PageID.77 at ¶14)

DEA agents later located three Bank of America accounts associated with

2

Alshafey that had deposits of approximately $1.3 million between September 2020 and April 2021. (ECF No. 19, PageID.77 at ¶17) The DEA agents believed those deposits were structured in a way that reflected drug trafficking and money laundering. (ECF No. 19, PageID.77-78 at ¶18) Agents also determined that: (1) MedPro Pharmacy had been a legitimate pharmacy permitted to prescribe schedule II-V controlled substances; (2) Alshafey was the person associated with that registration (as well as with MAPS); but (3) MedPro Pharmacy was closed. (ECF No. 19, PageID.79 at ¶¶21-23) The affidavit supporting the arrest warrant also reveals that agents learned: (a) an April 17, 2021 Dearborn Police Department report listed Alshafey's address as 7030 Oakman; (b) Alshafey was seen at the 7030 Oakman, Dearborn residence on April 21, 2021; and (c) Alshafey's Bank of America accounts listed 7030 Oakman as the mailing address. (ECF No. 19, PageID.76-77 at ¶¶ 10, 11, 16)

On April 29, 2021, DEA agents and Dearborn Police Department officers executed a search warrant at three properties connected to Alshafey: MedPro Pharmacy, 22241 Michigan Avenue, and 7030 Oakman Boulevard. (ECF No. 19, PageID.60, 69) The search warrant sought items related to "controlled substances" or narcotics or drug trafficking, including "books, records, receipts . . . currency . . . and documentats" related to transactions associated with the trafficking of controlled substances and the illegal receipt and distribution of promethazine, and money

laundering. (ECF No. 19, PageID.69-70) Law enforcement officials seized promethazine, documentation related to promethazine, and currency (including over $9.6 million recovered at 7030 Oakman Boulevard) when the search warrants were executed.

II. ANALYSIS

A. 22241 Michigan Avenue

The Government concedes, and the Court agrees, that Alshafey's motion should be granted with respect to the items seized at the 22241 Michigan Avenue address. The only basis for the search of the 22241 Michigan Avenue property was an improper search on March 6, 2021. Accordingly, the Court suppresses, and the government shall not introduce, evidence of any items seized from the 22241 Michigan Avenue property on April 29, 2021. This includes evidence of approximately $940,000 found in Alshafey's vehicle at that property.

B. Paragraph 27 of the Search Warrant Affidavit

Alshafey argues, and the Government acknowledges, that Paragraph 27 of the search warrant affidavit should be excised.[1] The Court agrees and analyzes the search warrant affidavit without considering Paragraph 27.

C. 7030 Oakman Boulevard

---

[1] The Court finds that Alshafey's request for a *Franks* hearing has been rendered moot.

4

1. **Standing to Challenge the Search**

The government argues that Alshafey lacks standing to challenge the warrant as to the 7030 Oakman Boulevard residence because it is owned by Alshafey's brother, not Alshafey. At the hearing, Alshafey testified to numerous connections with 7030 Oakman Boulevard, including that he: (1) lived there from 2009-2019; (2) pays rent on the property; (3) performs household duties there; (4) pays for improvements done at the house; (5) keeps a locked bedroom in the house; (6) stays at the house once or twice a week; (7) visits three times a week; (8) stores a vehicle in the backyard; and (8) has his mail delivered to that address. The Court finds that Alshafey's connections to 7030 Oakman Boulevard manifest a reasonable expectation of privacy in the objects of the that property that society would be willing to recognize as legitimate. The Court concludes that Alshafey has standing to challenge the warrant as to 7030 Oakman Boulevard.

2. **Probable Cause and Sufficient Nexus**

The Sixth Circuit and Supreme Court have clearly set forth the standard required for finding probable cause to support the issuance of a search warrant.

> In *Illinois v. Gates,* the Supreme Court established the "totality of the circumstances" test for evaluating whether a magistrate properly determined there was probable cause when issuing a search warrant. *Gates,* 462 U.S. at 230, 103 S.Ct. 2317. Under this test, probable cause is to be given a "practical, nontechnical conception." *Id.* at 231, 103 S.Ct. 2317 (quoting *Brinegar v. United States,* 338 U.S.

5

> 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238, 103 S.Ct. 2317. The issuing magistrate need only have had a substantial basis for concluding that probable cause existed. *Id.* at 238–39, 103 S.Ct. 2317. Moreover, a finding of "probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* at 243–44 n. 13, 103 S.Ct. 2317.

*United States v. Graham*, 275 F.3d 490, 501–02 (6th Cir. 2001).

Alshafey claims the warrant affidavit lacked probable cause that "evidence of Alshafey's suspected drug distribution and money laundering currently exists at" the properties because: (a) there is no evidence that Alshafey actually distributed illegal narcotics, as promethazine is not a controlled substance without codeine added to it; (b) the bottles seized from Gandy-Dix had (non-codeine) promethazine; and (c) the deposited moneys are consistent with running a pharmacy business. The Court disagrees, as the affidavit provided a substantial basis upon which the magistrate judge could conclude that probable cause existed that evidence of a crime – specifically, the unlawful distribution (trafficking) of promethazine, including promethazine with codeine (a controlled substance) -- would be found at MedPro Pharmacy and 7030 Oakman Boulevard.

The affidavit was prepared by a DEA agent with 15 years of experience investigating drug and money laundering crimes. As detailed in the affidavit, (a)

6

agents had seized seizure of over 1,400 pints of promethazine (and various other narcotics) from the McClinton cousins; (b) the McClinton cousins communicated with a telephone number associated with Alshafey via messages that contained terms believed to be slang or code words for different pharmaceutical companies that manufacture promethazine and promethazine with codeine, with quantities of "boxes" and "cases;" (c) agents repeatedly observing boxes of what they learned was promethazine delivered to and distributed from the MedPro Pharmacy, a business that was no longer in operation; (d) there was surveillance of Alshafey receiving boxes at MedPro Pharmacy that Alshafey shortly thereafter gave to Gandy-Dix and were delivered by Gandy-Dix to others, including boxes of promethazine; (e) boxes and labels recovered from MedPro Pharmacy's trash that matched the numbers on boxes seized from Gandy-Dix and others; and (f) at a time when Alshafey's business, MedPro Pharmacy, was not in operation, Alshafey deposited large sums of money (often in excess of $10,000) into bank accounts that listed 7030 Oakman Boulevard as the mailing address. Based on all of these considerations, the Court finds the magistrate judge reasonably concluded that there was a probability or substantial chance that evidence of criminal activity, especially documents, would be found at MedPro Pharmacy and 7030 Oakman Boulevard.

    Alshafey argues that the warrant lacked a sufficient nexus to the 7030 Oakman Boulevard property and, to a lesser extent, MedPro Pharmacy. The Court finds a

sufficient nexus to both properties. Based on his training and experience, the affiant set forth how and where persons suspected of drug trafficking and money laundering tend to store evidence of their activity, including addresses listed on bank accounts where funds are deposited and businesses from and to which drugs are shipped.

The affidavit states that Alshafey had Bank of America accounts in which $1.3 million was deposited over nine months, including for a period when MedPro Pharmacy was not operating. The mailing address listed on those accounts was 7030 Oakman Boulevard. The affidavit also reflects that the Dearborn Police Department generated a report on April 17, 2021 that listed Alshafey's address as 7030 Oakman Boulevard, and Alshafey was seen at 7030 Oakman Boulevard on April 21, 2021. As noted above, the affidavit contains numerous representations that promethazine was delivered to MedPro Pharmacy on multiple occasions in March and April 2021. The Court finds that those averments established a sufficient nexus between Alshafey and 7030 Oakman Boulevard and MedPro Pharmacy, such that there was probable cause to believe that documentation related to drug trafficking would be found at those addresses.

For the reasons stated above, the Court concludes that the affidavit relied upon by the magistrate judge meets the standard for probable cause set forth in *Gates*, 462 U.S. at 238-39, and that there was a sufficient nexus between Alshafey's alleged criminal activity and the properties to be searched. The affidavit sought seizure of

items and proceeds related to unlawful promethazine trafficking. "A practical, common-sense reading of th[e] affidavit based on the totality of the circumstances, . . . clearly compels the conclusion that there was a fair probability that" contraband or evidence of a crime (cash and documentation of bank records and financial assets) would be found in a particular place, *i.e.*, at MedPro Pharmacy and 7030 Oakman Boulevard. *Graham*, 275 F.3d at 502-03; *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010).

The Court's finding of fair probability is based on: (a) Alshafey's distribution of promethazine delivered to the MedPro Pharmacy; (b) the large amounts of cash generated over nine months unrelated to the closed pharmacy; and (c) the fact that many large cash deposits were made into bank accounts that utilized 7030 Oakman Boulevard as Alshafey's mailing address. Such averments adequately formed a basis from which the magistrate judge could reasonably draw inferences about where evidence of Alshafey's alleged ongoing criminal activity, drug trafficking and money laundering, was likely to be kept. *United States v. Davidson*, 936 F.2d 856 (6th Cir. 1991); *see also United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006) (recognizing that records of illegal business activity and financial records are "usually kept at either a business location or at the defendant's home"); *see generally United States v. Sheckles*, 996 F.3d 330, 341-42 (discussing fact-specific inquiry of ongoing drug trafficking activity and nexus). (ECF No. 24, PageID.98-102)

The Court is less persuaded by the government's argument, and the affiant's contention, that many deposits were made into Alshafey's accounts in amounts less than $10,000, allegedly structured to avoid detection. Many of the deposits into Alshafey's account identified by the affiant were greater than $10,000, which would suggest that deposits were not consciously structured to be under $10,000. Nonetheless, based on the totality of the circumstances set forth in the affidavit, the Court finds that there was probable cause to issue the warrant and conduct the search.[2]

**D. Good Faith**

Alshafey argues that the government could not have acted in good faith because the affidavit was bare bones and any agent would have known that requisite probable cause was absent because no controlled substances were being sold. The Court disagrees. The officers had a good reason to believe the warrant was valid, as

---

[2] Alshafey is correct that promethazine without codeine is not a controlled substance, and that undoubtedly is why the indictment does not charge him with the distribution of a controlled substance. However, promethazine (with or without codeine) requires a prescription, see https://www.mayoclinic.org/drugs-supplements/promethazine-oral-route/proper-use/drg-20070609?p=1#:~:text=Promethazine%20may%20also%20be%20used,available%20with%20your%20doctor's%20prescription%20 (last checked May 26, 2023), so the sale of promethazine without a prescription would constitute drug trafficking. Promethazine HCl with codeine phosphate solution is a controlled substance. https://dailymed.nlm.nih.gov/dailymed/drugInfo.cfm?setid=9aca56ec-28f8-4679-9f90-ec3e82deb9ac.

it was not lacking in indicia of probable cause that evidence of a drug trafficking would be found upon a search of 7030 Oakman Boulevard and MedPro Pharmacy. *United States v. Reed*, 993 F.3d 441, 452 (6th Cir. 2021); *United States v. Sheckles*, 996 F.3d at 341-42. Accordingly, the Court would also find that the good faith exception applies.

### III. Conclusion

Accordingly, for the reasons stated above,

IT IS ORDERED that Alshafey's Motion to Suppress is **GRANTED IN PART and DENIED IN PART**.

IT IS FURTHER ORDERED that evidence seized on April 29, 2021, at 22241 Michigan Avenue is suppressed and the government is barred from using any such evidence at trial.

IT IS FURTHER ORDERED that the evidence seized at MedPro Pharmacy and 7030 Oakman Boulevard on April 29, 2021, is admissible at trial.

s/Jonathan J.C. Grey  
HONORABLE JONATHAN J.C. GREY  
United States District Court Judge

Dated: June 16, 2023

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 16, 2023.

                                                            s/ **S. Osorio**
                                                   Sandra Osorio
                                                   Case Manager